## John M. Bell, Sheriff, *v.* Thomas Keefe et al.

The Sheriff may sue upon and enforce the payment of a bond given by the defendants for property seized and sold by him in course of judicial proceedings, otherwise in cases of protracted litigation the rights of parties might be impaired or lost by insolvency or prescription.

The Articles 703, 716, 717 and 718 of the Code of Practice apply to cases where the rights of parties are fixed and determined.

APPEAL from the Fourth District Court of New Orleans, *Reynolds*, J. *C. A. Taylor* and *Benjamin, Bradford & Finney*, for plaintiff. *Mott & Fraser*, for defendants and appellants.

VOORHIES, J. This is an action to enforce the payment of a bond given by the defendants as part payment of the price of the steamer "S. F. J. Trabue," seized and sold by the Sheriff in the course of judicial proceedings in the suit of *R. W. Adams* against the owners of said boat.

The defence rests solely on the ground that the plaintiff has no authority to bring the action, and has no interest in the subject matter in dispute.

"The depositary is bound to use the same interest in preserving the deposit that he uses in preserving his own property." C. C. 2908.

In the case of *Parish* v. *Hozey, Sheriff*, 17 L. R. 580, the defendant was held liable for the amount of a bill of exchange, on the ground that he had neglected to have it protested whilst in his hands as judicial depositary, whereby the endorser was discharged. The object of the sequestration was not, as observed by the court, the preservation of a mere worthless piece of paper. Had he taken the necessary steps to collect it, and brought the amount into court, it would have been in accordance with the obligations which the law imposed upon him, in other words, the same diligence, it is to be presumed, he would have used in the preservation of his own property.

In the case at bar, as the legal agent of the parties litigant, for whose benefit, we assume, the bond was taken in that suit, we are unable to discover any good reason why the plaintiff should not maintain the action. Were it otherwise, in cases where the litigation was procrastinated, the rights of parties might be seriously impaired, and even lost, by insolvency or prescription.

The speedy collection of the bond is certainly the safest or surest means of preserving the rights of the parties. 17 L. R. 24; see *Bell, Sheriff,* v. *Keefe & Maillot,* recently decided. The Articles of the Code of Practice (703, 716, 717, 718,) to which we have been referred, we do not think apply to the present case, but to cases where the respective rights of parties are fixed and determined.

Judgment affirmed.